UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

JAVIER ABREU-DIAZ,                                                                    Petitioner,

v.                                                                    Civil Action No. 5:26-cv-127-DJH

TODD LYONS, Acting Director, U.S.
Immigration and Customs Enforcement et al.,                          Respondents.

* * * * *

**<u>MEMORANDUM AND ORDER</u>**

Petitioner Javier Abreu-Diaz, a noncitizen resident of the United States currently detained in the Western District of Kentucky, seeks a writ of habeas corpus pending his removal proceedings.  He alleges that his detention without a bond hearing violates the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment.  (Docket No. 1)  The parties agreed to forgo a show-cause hearing given the absence of a material factual dispute (*see* D.N. 6), and the respondents have submitted briefing setting out their respective legal arguments (D.N. 8; *see* D.N. 9).  The Sixth Circuit has now addressed the relevant legal question in *Lopez-Campos v. Raycraft*, Nos. 25-1965/1969/1978/1982, 2026 WL 1283891 (6th Cir. May 11, 2026).  Consistent with the Sixth Circuit's decision, the Court will grant Abreu-Diaz's petition for the reasons explained below.

**I.**

The Sixth Circuit found in *Lopez-Campos* that "an 'applicant for admission' is not necessarily 'seeking admission'" for purposes of § 1225(b)(2)(A).  *Id.* at *11.  As the panel observed, the statute defines an "applicant for admission" as a noncitizen "present in the United States who has not been admitted," § 1225(a)(1), but it does not define "seeking admission,"

1

§ 1225(b)(2)(A). *See Lopez-Campos*, 2026 WL 1283891, at \*2–4. The Sixth Circuit held that "for a noncitizen to be 'seeking admission' under § 1225(b)(2)(A), the noncitizen must actively be in search of lawful entry into the United States via inspection and authorization by an immigration officer." *Id.* at \*4. It rejected the argument that "any noncitizen who attempts to remain in the United States after being arrested and detained by immigration officials is 'seeking admission.'" *Id.* at \*9.

Here, Abreu-Diaz is an applicant for admission because he is a noncitizen "present in the United States who has not been admitted," 8 U.S.C. § 1225(a)(1). (*See* D.N. 1-1, PageID.22) But Abreu-Diaz is not "seeking admission" under § 1225(b)(2)(A) because he is not "actively . . . in search of lawful entry into the United States via inspection and authorization by an immigration officer" despite remaining in the United States after immigration officials initially detained him upon entry (*see* D.N. 8-1, PageID.71). *Lopez-Campos*, 2026 WL 1283891, at \*4; *see id.* at \*9. Therefore, § 1226(a), not § 1225(b)(2)(A), governs Abreu-Diaz's detention. *See id.* at \*11 (noting that "'§ 1226 applies to aliens already present in the United States' and 'creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings'" (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018))). Abreu-Diaz is thus entitled to a bond hearing. *See id.* at \*1 (affirming district courts' findings that petitioners were detained under § 1226(a) and thus entitled to bond hearings).

Because Abreu-Diaz has not received an individualized bond hearing (*see generally* D.N. 1; D.N. 8), the Court must determine the proper remedy. *See Rodriguez v. Raycraft*, No. 4:26-cv-0302, 2026 WL 656956, at \*10 (N.D. Ohio Mar. 9, 2026). In *Lopez-Campos*, the Sixth Circuit affirmed the district courts' determinations that "the government's detention of Petitioners without bond under § 1226(a) was a deprivation of liberty that violated Petitioners' due process rights"

under the Fifth Amendment. 2026 WL 1283891 at *13. But the Sixth Circuit did not require a particular remedy for that violation. *See id.* at *11–13. In accordance with *Lopez-Campos* and this Court's prior decisions addressing the same issue, the Court concludes that Abreu-Diaz's detention without a bond hearing violates due process, *see id.* at *13, and will order his immediate release. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention." (emphasis omitted)); *see also, e.g.*, *Singh v. Lewis*, No. 4:25-cv-133-DJH, 2025 WL 3298080, at *7 (W.D. Ky. Nov. 26, 2025) (ordering immediate release after concluding that petitioner's detention without a bond hearing violated due process); *Salinas v. Woosley*, No. 4:25-cv-121-DJH, 2025 WL 3243837, at *5 (W.D. Ky. Nov. 20, 2025) (same).

## II.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)     Abreu-Diaz's petition for a writ of habeas corpus (D.N. 1) is **GRANTED**. Respondents are **DIRECTED** to immediately release Abreu-Diaz, and, in the event he is arrested and re-detained, provide him with a bond hearing before a neutral Immigration Judge in accordance with 8 U.S.C. § 1226(a). Respondents **SHALL** certify compliance with the Court's Order by a filing on the docket no later than **May 21, 2026**.

(2)     Upon receipt of the notice of compliance, this matter will be **CLOSED**.

May 19, 2026

David J. Hale, Chief Judge
United States District Court

3